UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



*******************************************************************************

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 07-30010(01) |
| Plaintiff, | |
| -vs- | MEMORANDUM OPINION AND ORDER DENYING REQUEST FOR CASH BAIL |
| EKUETA PALEGA, a/k/a "Q" Palega, | |
| Defendant. | |

*******************************************************************************

Defendant, Ekueta Palega, a/k/a "Q" Palega, has requested that the Court "set a cash bail in his case so that it can be ascertained if he can make such bail." According to Defendant, "[h]e would like to spend time with family before his trial and would remain in the area." Defendant's request is denied.

Defendant is charged in a two-count Superseding Indictment with conspiracy and possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§841(a)(1) and 846. Each offense carries a maximum penalty of a $1,000,000 fine, 20 years of imprisonment or both the fine and the imprisonment. As such, the rebuttable presumption found in 18 U.S.C. §3142(e), and in particular, the "drug offender" portion thereof, applies to his case. To rebut this presumption, Defendant must show that "the specific nature of the crimes charged, or . . . something about [his] individual circumstances" suggests that he is not dangerous or likely to flee. See United States v. Dominguez, 783 F.2d 702, 707 (7th Cir.

1986); see also United States v. Abad, 350 F.3d 793, 798-99 (8th Cir. 2003) (reversing the district court's bail decision and pretrial release order).

The Court has already determined that Defendant has failed to rebut the presumption, and indeed, inasmuch as Defendant has presented no evidence that he would not continue to engage in drug trafficking if released on bail, no credible case existed then, or now, for release. See United States v. Cantu, 935 F.2d 950, 951-52 (8th Cir. 1991); United States v. Dorsey, 852 F.2d 1068, 1070 (8th Cir. 1988). Defendant's request, for release on a cash bond, should therefore be denied for this reason alone.

His request should be denied for another reason as well. Because the request seeks modification of the Court's prior detention order, it must be considered in light of §3142(f). This provision expressly authorizes the reopening of the detention issue when material information "that was not known to the movant at the time of the [original detention] hearing" comes to light. Courts have interpreted §3142(f) strictly, holding that the detention issue should not be reopened if the evidence was available at the time of the initial detention hearing. See United States v. Dillon, 938 F.2d 1412, 1415 (1st Cir. 1991); see also Hare, 873 F.2d 796, 799 (5th Cir. 1989) (affirming refusal to reopen detention issue because "testimony of [the defendant's] family and friends is not new evidence.") Defendant has failed to present any information whatsoever that entitles him to reopen, and have the Court reconsider, his bail status.

Although the Supreme Court has indicated that there is a point at which the length of pretrial detention becomes constitutionally excessive, see United States v. Salerno, 481 U.S. 739, 746-52 (1987), the pretrial delays in the instant case, have all been with Defendant's

consent and/or after a determination by the District Court that the ends of justice were served by continuing the trial and that the same outweighed the interests of the public and Defendant to a speedy trial.

In any event, the Court continues to believe, after due consideration of the factors set forth in §3142(g), that there are no conditions or combination of conditions that will reasonably assure the safety of any other person or the community and/or that will assure Defendant's appearance. See 18 U.S.C. §3142(f). And, given Defendant's indigency status (he qualified for, and has had court-appointed counsel representing him throughout the case), his request that bail be set on a cash basis is a curious one.

For all of the reasons set forth herein and because the totality of the circumstances do not justify, or otherwise support, a cash bond release, his request, made by letter and found at Docket No. 167, shall be and is hereby denied.

Dated this 23rd day of January, 2008, at Pierre, South Dakota.

**BY THE COURT:**

_____
**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

**ATTEST:**
**JOSEPH HAAS, CLERK**
BY:_____
             Deputy
**(SEAL)**

3