UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



******************************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CR 07-30010 |
| Plaintiff, | * | |
| -vs- | * | OPINION AND ORDER |
| EKUETA PALEGA, a/k/a "Q" PALEGA, | * | |
| Defendant. | * | |

******************************************************************************

Defendant was convicted of conspiracy to distribute or possess with intent to distribute methamphetamine and possession of methamphetamine with intent to distribute. He was sentenced on June 2, 2008, to 230 months custody. He appealed and the United States Court of Appeals for the Eighth Circuit affirmed his convictions and sentence on February 18, 2009.[1] The mandate issued April 27, 2009.

Defendant filed a motion for a copy of his trial transcript. Congress specifically authorized, in limited circumstances, the provision of transcripts to indigent defendants seeking to challenge their convictions and sentences:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

18 U.S.C. §753(f).

Defendant's criminal case is closed. There is no pending motion to vacate. Defendant must first file a motion to vacate and then seek leave of court to conduct discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

---

[1]The Eighth Circuit remanded for correction of the forfeiture amount.

*See* Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001). *See also*, Jihad v. Hvass, 267 F.3d 803, 806-807 (8th Cir. 2001) ("lack of a trial transcript does not preclude a petitioner from commencing post-conviction proceedings"). Defendant's request for a free transcript prior to the filing of a motion to vacate under § 2255 is premature. United States v. Long, 601 F.2d 351, 352 (8th Cir. 1979).

Defendant may desire to have a copy of the transcript, but possession of this document is not a prerequisite to filing a motion to vacate. Gassler v. Bruton, 255 F.3d at 495.

> "The usual grounds for successful collateral attacks upon convictions arise out of occurrences outside of the courtroom or of events in the courtroom of which the defendant was aware and can recall without the need of having his memory refreshed by reading a transcript. He may well have a need of a transcript (to support his claim) but rarely, if ever, . . . to become aware of the events or occurrences which constitute a ground for collateral attack."

United States v. MacCollom, 426 U.S. 317, 327-28, 96 S.Ct. 2086, 2092-93, 48 L.Ed.2d 666 (1976) (*quoting* United States v. Shoaf, 341 F.2d 832, 835 (4th Cir. 1964)).

Defendant may contact the Clerk's office to make arrangements to prepay for a copy of his transcript.

Now, therefore,

IT IS ORDERED that the motion, Doc. 315, for a copy of the trial transcript is denied.

Dated this *16th* day of April, 2010.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY

(SEAL)

2